IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMBER CRIST,

    Plaintiff,

v.                  Case No. 25-1281-JWB

TFO STEVE GRECO, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants Garcia, Patterson, and Urias's motion to set aside entry of default and for leave to file an answer out of time (Doc. 22); and Defendant Bascue's motions for the same (Docs. 24, 26).  Plaintiff responded but did not oppose the motions.[1]  (Doc. 30.)  The motions are GRANTED for the reasons stated herein.

**I. Facts**

This action was originally filed on August 28, 2025, in the district court of Finney County, Kansas and was removed to federal court on December 5, 2025.  (Docs. 1; 1-1.)  Amber Crist ("Plaintiff") brings this action against a plethora of defendants and generally alleges violations of her constitutional rights.  (Doc. 1-1.)  Among those defendants are Colleen Bascue, Julian Garcia, Idris Patterson, and Samantha Urias (collectively, "Defendants").  On March 27, 2026, Defendants were served.  (Docs. 20-3; 20-4; 20-5; 20-6.)  Defendants failed to answer.  So, on April 23, 2026, Plaintiff moved for default against Defendants, and, on the same day, a clerk's entry of default was

---

[1] Plaintiff opposes the motion only to the extent the court does not direct filing of Defendants' proposed answers which were attached to their respective motions.  (Doc. 30 at 4.)  Because the court does direct filing of Defendants' proposed answers, the motions are considered unopposed.

entered.  (Docs. 20; 21.)  The following week, the underlying motions were filed by Defendants seeking to set aside the clerk's entry of default and file an answer out of time.  (Docs. 22; 24; 26.)

## II.    Standard

Leave to File Answer Out of Time.  Under Fed. R. Civ. P. 6(b)(1)(B), a party may move for the court to extend the deadline to file an answer "because of excusable neglect."  A court determines whether neglect is excusable by analyzing the relevant circumstances that caused the delay, which include the following: "(1) the danger of prejudice to the other party or parties, (2) the length of the delay and its potential impact on the case, (3) the reason for the delay, including whether it was within the reasonable control of the party seeking relief, and (4) whether the movant acted in good faith."  *Crutcher v. Coleman*, 205 F.R.D. 581, 586 (D. Kan. 2001) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Clerk's Entry of Default.  The Federal Rules of Civil Procedure authorizes a court to set aside a clerk's entry of default for good cause.  Fed. R. Civ. P. 55(c).  The three principle factors a court considers when analyzing a party's request to vacate a clerk's entry of default are the following: "(1) whether the defendants' culpable conduct led to the default; (2) whether the plaintiffs will be prejudiced by setting aside the entry of default; and (3) whether the defendants have a meritorious defense."  *Gray v. Knight Sec. & Patrol, Inc.*, No. 16-CV-03086-PAB-KLM, 2017 WL 11569537, at *2 (D. Colo. May 26, 2017) (citing *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995)).

## III.    Analysis

First, as to whether Defendants can file their answer out of time, excusable neglect is an "elastic concept" that is not strictly limited to actions and omissions that are outside the control of the party seeking to file out of time.  *See Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380,

392 (1993).  Defendants maintain[2] that their failure to respond on time was due to the mistaken belief involving whether service of process had been effectuated.  (Docs. 22 at 6; 24 at 4.)  Given the unopposed nature of this motion, the court holds there is no danger of prejudice to Plaintiff if leave to answer is granted.  Further, the length of the delay in responding was only one day and four days, respectively, after the clerk entered default.  Accordingly, Defendants have shown excusable neglect and are granted leave to answer out of time.

Next, as to whether the clerk's entry of default can be set aside, under Rule 55(c), the court may set aside an entry of default for "good cause."  Fed. R. Civ. P. 55(c).  Notably, the "good cause" standard that is applied for setting aside an entry of default under Rule 55(c) is more liberally applied then the "excusable neglect" standard and altogether accounts for similar considerations.  *Clinical Reference Lab, Inc. v. Salugen Biosciences, Inc.*, No. 12–2768–KHV, 2013 WL 1816352, at *1 (D. Kan. Apr. 29, 2013).  Because the court previously found that Defendants have shown excusable neglect, the court finds that Plaintiff has shown "good cause" to set aside the clerk's entry of default.

## IV.    Conclusion

THEREFORE, Defendants Julian Garcia, Idris Patterson, and Samantha Urias's motion to set aside entry of default and for leave to file an answer out of time (Doc. 22); and Defendant Colleen Bascue's motions to set aside entry of default and for leave to file an answer out of time (Docs. 24, 26) are GRANTED.  Defendants are ORDERED to file their proposed answers (Docs. 22-1; 25-1) within 7 days of the date of this order.

IT IS SO ORDERED.  Dated this 14th day of May, 2026.

_s/ John W. Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The court notes that Defendants' arguments, albeit in different motions, are effectively the same and therefore the court does not make a distinction between them in disposing of the underlying motions.